## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.  1:15-cv-00053

MAGPUL INDUSTRIES, CORP.,

    Plaintiff,

v.

COMMAND AIRSOFT TECHNOLOGIES *DBA* C.A.T.,

    Defendant.

### COMPLAINT FOR PATENT AND TRADEMARK INFRINGEMENT

### PARTIES

1. Plaintiff Magpul Industries, Corp. ("Magpul" or "Plaintiff") is a Delaware corporation with a place of business located in Louisville, Colorado. Plaintiff's business consists primarily of the design, manufacture and sale of products that are used as accessories for firearms.

2. Upon information and belief, Defendant Command Airsoft Technologies, Inc. *dba* C.A.T. ("C.A.T." or "Defendant") is a Georgia corporation with places of business at 190 Etowah Industrial Court, Canton, GA 301114 and 125 West Walker Memorial Drive, Ball Ground, GA 30107. Defendant has been selling and offering to sell infringing products within the United States, and within this District, all without consent from Plaintiff. Defendant's infringing products include, but are not necessarily limited to, the CAT AFG Angled Fore Grip, MOE Airsoft RVG Rail Vertical Grip, PTS MOE Airsoft RVG Rail Vertical Grip, and Dboys Airsoft M4 Adjustable MOE Stock (AEG).

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction of this action under 28 U.S.C. §1331 and §1338(a) in that it arises under the United States Patent Laws and under Section 39 of the Lanham Act, 15 U.S.C. § 1121.

4. Defendant is subject to this Court's specific and general personal jurisdiction because Defendant conducts business in this Judicial District, has committed the acts complained of in this Judicial District, and has caused injury to Plaintiff within this Judicial District by virtue of the acts of patent and trademark infringement that are described herein.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b). Defendant is transacting, doing, and/or soliciting business and committing acts of patent infringement in this Judicial District and elsewhere in the United States.

## GENERAL ALLEGATIONS

6. Magpul's core business consist of the development, manufacture, and sale of firearm accessories, including ammunition magazines, grips, slings, and stocks.

7. Magpul protects its intellectual property vigorously, including obtaining patent protection for its novel designs and trademark protection for the names of its firearm accessories.

8. On or about November 22, 2013, Magpul sent Defendant a cease and desist letter identifying its infringement of the patents-in-suit and trademarks-in-suit, which are set out below. Magpul's letter identified the infringed patents and trademarks with specificity, identified the products accused of infringing, and demanded that said infringement cease. A copy of each issued patent and each trademark registration was enclosed with Magpul's letter. Accordingly, Defendant had actual notice of Magpul's registered trademarks and issued patents as early as its receipt of this November 25, 2013 letter, if not earlier. A true and correct copy of Magpul's first letter (without exhibits) is attached as Exhibit A.

9. On or about January 12, 2014, Magpul sent a second cease and desist letter, which again identified the patents and trademarks that were being infringed. This letter was addressed to Fernando Gordinho, who is a self-identified company Vice President. Once again, Magpul's letter identified the infringed patents and trademarks with specificity, identified the products accused of infringing, and demanded that said infringement cease. A true and correct copy of Magpul's second letter (without exhibits) is attached as Exhibit B.

10. Defendant failed to respond to either letter, and has not ceased infringing Magpul's patents and trademarks.

11. In addition, Magpul has complied with the statutory marking requirements of 35 U.S.C. § 287 for the patents-in-suit. Accordingly, Defendant had constructive notice of the patents-in-suit prior to its receipt of Magpul's November 25, 2013 letter.

12. Defendant's infringement of the Magpul patents-in-suit and trademarks-in-suit has been willful since at least its receipt of Magpul's first cease and desist letter. Given that its products are identical copies of Magpul's patented products, and Magpul marks its products pursuant to the requirements of 35 U.S.C. § 287, on information and belief Defendant's infringement was been willful since the products were first manufactured and sales began.

### FIRST CAUSE OF ACTION
### (Infringement of the 'D497 Patent)

13. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

14. On August 16, 2011, U.S. Patent No. D643,497 (the 'D497 Patent), entitled Angled Fore Grip for a Firearm, was issued for the ornamental design of the angled fore grip for a firearm. A true and correct copy of this patent is attached as Exhibit C.

15. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

16. Defendant's infringing C.A.T. AFG Angled Fore Grip is a copy of Magpul's patented design. This copying is illustrated by the following table, which compares the accused product to the corresponding patented design figure. Moreover, this table shows how an ordinary observer would, at a minimum, find that that the accused product's design and the patented design are substantially similar, if not identical.

| CAT AFG Angled Fore Grip (Black) | 'D497 Patent Figure 9 |
|---|---|



17. Defendant has infringed and is still infringing the 'D497 Patent by making, selling, and using angled fore grips for a firearm that embody this patented design, and Defendant will continue to do so unless enjoined by this Court.

## SECOND CAUSE OF ACTION

### (Infringement of the 'D163 Patent)

18. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

19. On February 22, 2011, U.S. Patent No. D633,163 (the 'D163 Patent), entitled Vertical Grip for a Firearm, was issued for the ornamental design for a vertical grip for a firearm. A true and correct copy of this patent is attached as Exhibit D.

20. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

21. Defendant's infringing PTS MOE Airsoft RVG Rail Vertical Grip is a copy of Magpul's patented design. This copying is illustrated by the following table that compares the accused product to the corresponding patented design figure. Moreover, this table shows how an ordinary observer would, at a minimum, find that that the accused product's design and the patented design are substantially similar, if not identical.

| **PTS MOE Airsoft RVG Rail Vertical Grip** | **'D163 Patent Figure 1** |
|---|---|
|  | |

22. Defendant has infringed and is still infringing the 'D163 Patent by making, selling, and using vertical grips for a firearm that embody the patented design, and Defendant will continue to do so unless enjoined by this Court.

### THIRD CAUSE OF ACTION
### (Infringement of the 'D308 Patent)

23. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

24. On September 15, 2009, U.S. Patent No. D600,308 S (the 'D308 Patent), entitled Gunstock, was issued for the ornamental design of a gunstock. A true and correct copy of this patent is attached as Exhibit E.

25. Plaintiff has owned this patent throughout the period of Defendant's infringing acts and still owns this patent.

26. Defendant's infringing Dboys Airsoft M4 Adjustable MOE Stock (AEG) is a copy of Magpul's patented design. This copying is illustrated by the following table that compares the accused product to the corresponding patented design figure. Moreover, this table shows how an ordinary observer would, at a minimum, find that that the accused product's design and the patented design are substantially similar, if not identical.

| Dboys Airsoft M4 Adjustable MOE Stock (AEG) | 'D308 Patent Figure 3 |
|---|---|
|  | |

27. Defendant has infringed and is still infringing the 'D308 Patent by making, selling, and using gunstocks that embody the patented design, and Defendant will continue to do so unless enjoined by this Court.

### FOURTH CAUSE OF ACTION

**(Infringement of U.S. Trademark Registration No. 3,957,628)**

28. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

29. On May 10, 2011, U.S. Registration No. 3,957,628 for the AFG mark was issued in connection with "rifle hand grips." A true and correct copy of this trademark registration is attached as Exhibit F.

30. Defendant is selling, offering for sale, distributing, and/or advertising a counterfeit "AFG" product that uses and displays Magpul's registered AFG trademark without authorization and it is likely to cause confusion, mistake, or to deceive consumers as to the source of the products.

31. Defendant prominently displays and uses Magpul's AFG trademark on the product web page for its "AFG" grip, and consumers are likely to mistakenly believe that Magpul is connected with or sponsors or approves of such use.

32. Defendant's use of the AFG trademark in conjunction with rifle hand grips comprises an infringement of Magpul's registered trademark—AFG—for a rifle hand grip. And the public's likely confusion, mistake, or deception as to the identify and origin of Defendant's goods causes irreparable harm to Magpul for which there is no adequate remedy at law.

33. Defendant has infringed and continues to infringe the AFG trademark by promoting, marketing, or selling angled fore grips with Magpul's AFG mark. Accordingly, Defendant is liable to Magpul for trademark infringement under 15 U.S.C. § 1114.

34. This is a case involving the use of a counterfeit trademark, and Magpul is entitled to statutory damages of up to $200,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(1). If the Court finds that Defendant's use of this counterfeit trademark mark was willful, then Magpul is entitled to statutory damages of up to $2,000,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

### FIFTH CAUSE OF ACTION
**(Infringement of U.S. Trademark Registration No. 4,146,718)**

35. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

36. On May 22, 2012, U.S. Registration No. 4,146,718 for the AFG-2 mark was issued in connection with "rifle hand grips." A true and correct copy of this registration is

attached as Exhibit G.

37. Defendant is selling, offering for sale, distributing, and/or advertising a counterfeit "AFG-2" product that uses and displays Magpul's registered AFG-2 trademark without authorization and it is likely to cause confusion, mistake, or to deceive consumers as to the source of the products.

38. Defendant prominently displays and uses Magpul's AFG-2 trademark on the product web page for its "AFG-2" rifle hand grip, and consumers are likely to mistakenly believe that Magpul is connected with or sponsors or approves of such use.

39. Defendant's use of the AFG-2 trademark in conjunction with rifle hand grips comprises an infringement of Magpul's registered trademark—AFG-2—for rifle hand grips. And the public's likely confusion, mistake, or deception as to the identify and origin of Defendant's goods causes irreparable harm to Magpul for which there is no adequate remedy at law.

40. Defendant has infringed and continues to infringe the AFG-2 trademark by promoting, marketing, or selling angled fore grips with Magpul's AFG-2 trademark. Accordingly, Defendant is liable to Magpul for trademark infringement under 15 U.S.C. § 1114.

41. This is a case involving the use of a counterfeit trademark, and Magpul is entitled to statutory damages of up to $200,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(1). If the Court finds that Defendant's use of this counterfeit trademark mark was willful, then Magpul is entitled to statutory damages of up to $2,000,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## SIXTH CAUSE OF ACTION
**(Infringement of U.S. Trademark Registration No. 3,947,911)**

42. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

43. On April 19, 2011, U.S. Registration No. 3,947,911 for the RVG mark was issued in connection with "rifle hand grips." A true and correct copy of this registration is attached as Exhibit H.

44. Defendant is selling, offering for sale, distributing, and/or advertising a counterfeit "RVG" product that uses and displays Magpul's registered RVG trademark without authorization and it is likely to cause confusion, mistake, or to deceive consumers as to the source of the products.

45. Defendant prominently displays and uses Magpul's RVG trademark on the product web page for its "RVG" rifle hand grip, and consumers are likely to mistakenly believe that Magpul is connected with or sponsors or approves of such use.

46. Defendant's use of the RVG trademark in conjunction with rifle hand grips comprises an infringement of Magpul's registered trademark—RVG—for rifle hand grips. And the public's likely confusion, mistake, or deception as to the identify and origin of Defendant's goods causes irreparable harm to Magpul for which there is no adequate remedy at law.

47. Defendant has infringed and continues to infringe the RVG trademark by promoting, marketing, or selling vertical grips with Magpul's RVG trademark. Accordingly, Defendant is liable to Magpul for trademark infringement under 15 U.S.C. § 1114.

48. This is a case involving the use of a counterfeit trademark, and Magpul is entitled to statutory damages of up to $200,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(1). If the Court finds that Defendant's use of this counterfeit trademark was willful, then Magpul is entitled to statutory damages of up to $2,000,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

## SEVENTH CAUSE OF ACTION

**(Infringement of U.S. Trademark Registration No. 3,608,686)**

49. Plaintiff incorporates by reference and realleges each of the allegations set forth in paragraphs 1-12 above.

50. On April 21, 2009, U.S. Registration No. 3,608,686 for the MOE trademark was issued in connection with "component parts for rifles, grips for small arms, gun parts, gun stocks." A true and correct copy of this registration is attached as Exhibit I.

51. Defendant is selling, offering for sale, distributing, and/or advertising a counterfeit "MOE" product that uses and displays Magpul's registered MOE trademark without authorization and it is likely to cause confusion, mistake, or to deceive consumers as to the source of the products.

52. Defendant prominently displays and uses Magpul's MOE trademark on the product web page for its "MOE" gun stock, and consumers are likely to mistakenly believe that Magpul is connected with or sponsors or approves of such use.

53. Defendant's use of "MOE" in conjunction with gun stocks comprises an infringement of Magpul's registered trademark—MOE— for gun stocks. And the public's likely confusion, mistake, or deception as to the identify and origin of Magpul's goods causes irreparable harm to Magpul for which there is no adequate remedy at law.

54. Defendant has infringed and continues to infringe the MOE trademark by promoting, marketing, or selling angled fore grips. Accordingly, Defendant is liable to Magpul for trademark infringement under 15 U.S.C. § 1114.

55. This is a case involving the use of a counterfeit trademark, and Magpul is entitled to statutory damages of up to $200,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(1). If the Court finds that Defendant's use of this counterfeit trademark mark was

willful, then Magpul is entitled to statutory damages of up to $2,000,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c)(2).

### REQUEST FOR RELIEF

Therefore, Plaintiff requests for judgment:

1. That Defendant has infringed the 'D497, 'D163, and 'D308 Patents;

2. That Plaintiff be awarded Defendant's profits from the sale of products that infringe the patents-in-suit pursuant to 35 U.S.C. § 289;

3. That Defendant and all others acting in concert with Defendant be preliminarily and permanently enjoined from making, using, selling, or offering to sell the infringing ammunition magazines or any other product that infringes the 'D497, 'D163, and 'D308 Patents without permission or license from Plaintiff pursuant to 35 U.S.C. § 283;

4. That Defendant be ordered to deliver up to Plaintiff all products infringing the 'D497, 'D163, and 'D308 Patents within its ownership, possession, or control for destruction by Plaintiff;

5. That the Court declare this to be an exceptional case of patent infringement pursuant to 35 U.S.C. §285 and treble Magpul's damages and award reasonable attorney's fees;

6. That Defendant has infringed the AFG, AFG-2, RVG, and MOE trademarks;

7. That Plaintiff be awarded damages for infringement of the trademarks-in-suit according to proof;

8. In the alternative, pursuant to 15 U.S.C. § 1117(c), and at Magpul's election, that the Court award Magpul statutory damages of up to $200,000 per use of said counterfeit mark;

9. That the Court, pursuant to 15 U.S.C. § 1117(b), finds Defendant's trademark infringement has been willful and ordering that Plaintiff's damages for trademark infringement

be multiplied up to treble their amount;

10. In the alternative, and at Magpul's election, that the Court finds Defendant's trademark infringement has been willful and awarding statutory damages of up to $2,000,000 per use of said counterfeit mark pursuant to 15 U.S.C. § 1117(c);

11. That Defendant and all others acting in concert with Defendant be preliminarily and permanently enjoined from using Magpul's AFG, AFG-2, RVG, and MOE marks or any colorable imitation thereof pursuant to 15 U.S.C. § 1116;

12. That, pursuant to 15 U.S.C. § 1118, Defendant be ordered to deliver up to Plaintiff all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotion material or the like in Defendant's possession, custody, or under its control bearing a mark found to infringe Magpul's AFG, AFG-2, RVG, or MOE marks, as well as plates, matrices, and other means of making the same;

13. That the Court declare this to be an exceptional case of trademark infringement pursuant to 15 U.S.C. § 1117(a)(3), and award reasonable attorney's fees;

14. That Plaintiff be awarded its costs of suit, and pre- and post-judgment interest on any money judgment; and,

15. For such other relief as the Court deems proper.

Dated: January 8, 2015

                                                   Respectfully submitted,

                                                   By: /s/ *Brian E. Mitchell*
                                                         Brian E. Mitchell

                                                 Brian E. Mitchell
                                                 Marcel F. De Armas
                                                 MITCHELL + COMPANY

4 Embarcadero Center, Suite 1400  
San Francisco, CA 94111  
Telephone:  (415) 766-3515  
Facsimile:  (415) 402-0058  
Email:  brian.mitchell@mcolawoffices.com  
        mdearmas@mcolawoffices.com  

Attorneys for Plaintiff  
MAGPUL INDUSTRIES, CORP.